**IKO INDUSTRIES LTD., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Slip Op. 97–93.
Court No. 91–06–00451.

United States Court of
International Trade.

July 8, 1997.

*JUDGMENT*

CARMAN, Chief Judge.

The subject action is before the Court on an order from the United States Court of Appeals for the Federal Circuit ("CAFC") affirming in part and vacating in part this Court's decision. *IKO Industries, Ltd. v. United States,* 105 F.3d 624 (Fed.Cir.1997). On appeal, the plaintiff abandoned its claim as to Armour Lock shingles and the CAFC vacated that portion of this Court's decision relating to Armour Lock shingles, while affirming the remainder as to all other paper-based asphalt shingles and roll roofing before it. The CAFC's mandate having been issued on January 22, 1997, it is hereby:

1. ORDERED that this Court's Judgment Order of September 19, 1995, granting plaintiff's motion for summary judgment with respect to the classification of the subject merchandise identified as Armour Lock shingles is vacated; and it is further

2. ORDERED that the classification of Armour Lock shingles by the United States Customs Service under subheading 6807.90.00, HTSUS, is affirmed; and it is further

3. ORDERED that the classification of paper-based asphalt roll roofing products described on the invoices as smooth surface, mineral surface, and selvage, with or without other words of description, and paper-based asphalt shingles described on the invoices as Aristocrat, AM Armour Seal 20, Chateau, New Englanders, Total Seal, Armour Seal Supreme, Economy Seal, Supreme and Super Seal, with or without other words of description by the United States Customs Service under subheadings 6807.10.00 and 6807.90.00, HTSUS, is reversed; and it is further

4. ORDERED that the United States Customs Service shall reliquidate the entries which involve the paper-based asphalt roll roofing products described on the invoices as smooth surface, mineral surface, and selvage, with or without other words of description, and the paper-based asphalt shingles described on the invoices as Aristocrat, AM Armour Seal 20, Chateau, New Englanders, Total Seal, Armour Seal Supreme, Economy Seal, Supreme and Super Seal, with or without other words of description, and shall reclassify that merchandise under subheading 4811.10.00, HTSUS, and shall refund all excess duties with interest as provided by law, and it is further

5. ORDERED that the entries which do not involve the merchandise which is described in paragraph 4 and thereby subject to reliquidation under subheading 4811.10.00, HTSUS, pursuant to this Judgment, will not be reliquidated or will be reliquidated as entered.